UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSHUA AYALA-LUGO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-1389 (JAF)

(Crim. No. 07-453)

**OPINION AND ORDER**

Petitioner, Joshua Ayala-Lugo, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket No. 1.) The Government opposes (Docket No. 4), and Petitioner replies (Docket No. 5). An evidentiary hearing was held on August 3, 2011.

**I.**

**Factual and Procedural Summary**

On September 9, 2008, Petitioner entered into an agreement with the Government to plead guilty to one count of conspiracy to possess with intent to distribute narcotics. (Crim. No. 07-453, Docket No. 1233.) In exchange for Petitioner's plea, the Government agreed to recommend a sentence at either the statutory minimum or the lower end of the guidelines, depending on Petitioner's criminal history. (Id.) The plea agreement included a waiver of direct appeal. (Id.) During the colloquy at his change-of-plea hearing, Petitioner acknowledged the waiver of his right to appeal:

Civil No. 10-1389 (JAF) -2-

        THE COURT: You are waiving your right to appeal as part of this plea bargaining process. There will be no appeal. The judgment that I will enter will be the final judgment. Do you understand that?

        THE DEFENDANT: Yes.

(Crim. No. 07-453, Docket No. 2119 at 13.)

At the sentencing hearing on December 18, 2008, Petitioner again was informed that he had waived his right to appeal by entering the plea bargain. (Id., Docket No. 2118 at 6.) We sentenced Petitioner to the 120-month term recommended in the plea agreement, and we entered final judgment on December 18, 2008. (Id., Docket No. 1610.) On May 11, 2010, Petitioner filed his § 2255 petition—over four months after the one-year statute of limitations expired, see § 2255(f).

Petitioner raised a single claim for § 2255 relief: Ineffective assistance of counsel arising from the failure to file a direct appeal. (Docket No. 1-2.) The Government replied and asserted the § 2255(f) time bar as a defense. (Docket No. 4.) Petitioner responded, claiming that equitable tolling is applicable to his case. (Docket No. 5.)

We appointed counsel for Petitioner and held an evidentiary hearing on August 3, 2011, to hear further evidence on the merits of Petitioner's claim. At the hearing, both Petitioner and his trial attorney, Vladimir Mihailovich Nikolich, testified. Mihailovich stated that he had explained the waiver of appellate rights to Petitioner multiple times prior to the change of plea. He explained that Petitioner had been hesitant to enter the plea bargain because Petitioner disagreed with the Government's characterizing his role in the conspiracy as a runner instead of a seller. Mihailovich further stated that, after sentencing, Petitioner did not ask him to file

Civil No. 10-1389 (JAF)                                                                                                  -3-

an appeal.  Furthermore, he stated that, in his view, there was no reasonable basis for filing an appeal.

Petitioner testified that Mihailovich had presented the plea agreement to him and explained the waiver of appellate rights.  He also claimed, however, that during the plea colloquy he did not understand the waiver of appeal as explained to him but had affirmed his understanding only because Mihailovich instructed him to answer "yes" to all questions.  When asked during his testimony if he would have answered "yes" to a request in the colloquy to throw himself down a hill, Petitioner responded that he would not.  Furthermore, Petitioner testified that after sentencing he asked Mihailovich to file an appeal but that Mihailovich told him he would not file an appeal on his behalf because he was no longer his lawyer and was not required to file an appeal.  Finally, when asked on what grounds he sought to appeal his sentence, Petitioner stated that he believed he should have been held responsible for a smaller amount of narcotics.

## II.

## Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default.  See United States v. Frady, 456 U.S. 152, 167 (1982).  Claims of ineffective assistance of counsel, however, are exceptions to this rule.  See Massaro v. United States, 538 U.S. 500

Civil No. 10-1389 (JAF) -4-

(2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner claims that both his inability to speak English and delays by the Federal Bureau of Prisons in forwarding his legal documents warrant the application of equitable tolling to his claim. A district court may choose to sidestep an equitable tolling inquiry and decide the substantive claims in a § 2255 petition when it is clear that the Government would prevail on the merits. See Ramos-Martínez v. United States, 638 F.3d 315, 324–25 (1st Cir. 2011). Having heard evidence of the underlying ineffective assistance of counsel claim, we find it proper to resolve this case on the merits.

The success of a claim of ineffective assistance of counsel under § 2255 depends on a petitioner's showing both a deficient performance by his trial counsel and a resulting prejudice. Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). Deficient performance is present where the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Choices

Civil No. 10-1389 (JAF)                                                                                                    -5-

made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See id. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Petitioner fails to demonstrate that Mihailovich's performance was deficient. Mihailovich was credible in his testimony that Petitioner did not ask him to file an appeal. Petitioner's testimony, by contrast, was incredible and contradictory. In his initial filing, Petitioner had stated that after instructing Mihailovich to file an appeal, he was under the impression that it had been filed and did not learn otherwise until the time to appeal had expired. Yet in his testimony at the evidentiary hearing, Petitioner stated that Mihailovich told him he would not file an appeal. Also, given the numerous times Petitioner was informed of the waiver and his testimony that he understood the waiver of appeal when explained to him by Mihailovich, we find it unlikely that he then ordered Mihailovich to file an appeal.

Finally, we note that Petitioner attempted to raise at his evidentiary hearing, for the first time, a claim that his plea was not knowing and voluntary. We do not credit Petitioner's testimony that he did not understand that he had agreed to waive his right to direct appeal. He testified that the waiver was explained to him by Mihailovich and that he understood its meaning prior to the change of plea. It is incredible that he later lost this understanding and yet represented to the court at the change-of-plea hearing that he understood the right and its waiver.

Civil No. 10-1389 (JAF) -6-

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 30th day of August, 2011.

                                               s/José Antonio Fusté
                                               JOSE ANTONIO FUSTE
                                               United States District Judge